UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES H. JOHNSON,

    Plaintiff,

v.                                                                              Case No. 06-13636

WAYNE STATE UNIVERSITY,                           HONORABLE AVERN COHN

    Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS[1]

#### I. Introduction

This is an employment case. Plaintiff Charles Johnson (Johnson) is proceeding **pro se** and **in forma pauperis**. He alleges that defendant Wayne State University (WSU) discriminated and retaliated against by failing to employ him.

Before the Court is WSU's Motion to Dismiss under Fed. R. Civ. P 12(b)(1) and (b)(6) on the grounds that the Court lacks subject matter jurisdiction and the complaint fails to state a claim upon which the relief can be granted. In the alternative, WSU seeks an order compelling Johnson to provide a more definite statement of the factual basis of his claims. For the reasons that follow, WSU's motion is GRANTED IN PART AND DENIED IN PART. Johnson's claim under the Age Discrimination in Employment

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

Act is DISMISSED.  Johnson shall file an amended complaint, setting forth the complete factual basis for his claims, within ten (10) days.

## II.  Background

The following facts are gleaned from the complaint and the parties' motion papers.

On August 15, 2006, Johnson filed a complaint against WSU in which he alleges that over a period of approximately three years and eight months, from January 27, 2003 to August 14, 2006, WSU discriminated and retaliated against him because of his race and age.  He claims discrimination and retaliation under (1) Michigan Elliot-Larsen Civil Rights Act (ELCRA) (MCLA 37.2101, et seq.), (2) Title VII of the Civil Rights Act of 1964, as amended (Title VII) (42 U.S.C. §§ 2000e, et seq.)., and (3) the Age Discrimination in Employment Act (ADEA ) (29  U.S.C. §§ 623, et seq.).  In his response to WSU's motion, Johnson also says he was discriminated against on the basis of his gender, but he does not make a discrete claim for gender discrimination.

In its motion, WSU says that Johnson has not alleged any facts to support his conclusions in this complaint and therefore the complaint should be dismissed for failure to a state claim, or alternatively Johnson should file an amended complaint.  WSU also says that Johnson's ADEA claim should be dismissed for lack of subject matter jurisdiction.

## III.  Discussion

### A.  Legal standard

Rule 12(b)(1) provides for a motion to dismiss for lack of jurisdiction.  In order to defeat a motion under 12(b)(1), the plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial."  A federal claim is substantial unless "prior decisions inescapably render [it] frivolous."  Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit, 738 F.2d 163, 165 (6th Cir. 1984).  In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made.  Musson Theatrical v. Federal Express Corp., 89 F.3d 1244, 1248 (1996).

Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted.  When analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true.  Mire v. DeKalb County, 433 U.S. 25, 27 n.1 (1977).  "[W]hen an allegation in capable of more than one inference, it must be construed in the plaintiff's favor."  Sinai v. Lawson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hechuan v. King & Spaulding, 467 U.S. 69, 73 (1984).  "The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Computer Leasco v. Volvo White Truck Corp., 820 F. Supp. 326, 332 (E.D. Mich. 1992) (citing Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).

### B.  Analysis

#### 1.  Failure to State a Claim

3

WSU argues that the complaint must be dismissed because Johnson has failed to state a claim upon which relief can be granted. WSU says that Johnson's complaint "contains absolutely no factual allegations to support his conclusion that he has been the victim of illegal discrimination and retaliation."

Johnson's complaint contains only a bare statement of his claims. Although Johnson says that he attached a copy of his charge to the EEOC to the complaint and submitted this as a brief statement of the facts of the claim, no charge was attached to the copy of the complaint. Instead, the item attached to the complaint was a copy of Johnson's right to sue letter from the EEOC. The right to sue letter references EEOC Charge No. 471-2006-00233. This charge, according to WSU, alleged <u>gender</u> discrimination in addition to race and age discrimination and retaliation which occurred on May 10, 2005. The charge therefore differs from the complaint which alleges only race and age discrimination and retaliation and alleges that the discrimination started on January 27, 2003.

However, in Johnson's response brief[2] and exhibits he more specifically sets forth the parameters of his claims. From these papers, it appears that Johnson, a student in the Interdisciplinary Studies Program at WSU, applied for several positions and was not hired by WSU. Johnson says he applied for the following positions through WSU's on-line employment application process:

(1) Custodian, 5/10/05
(2) Custodian Supervisor, 5/10/05
(3) Custodian, 5/10/05

---

[2]The response brief is virtually unintelligible. The Court did its best to glean the substance of his claims.

  (4) University Counselor Assist. II/University Counselor I, 5/18/05
  (5) Custodian Supervisor, 7/12/05
  (6) Custodian, 11/29/05
  (7) Student Records Clerk, 11/29/05

P's Resp. at p. 2 and Ex. 4.  Johnson also directly applied for a position for "cadet patrol - security guard" through WSU"s public safety office on 5/11/05.  Id. at p. 2 and Ex. 3.

  Although Johnson does provide a list of positions he applied for, he does not explain why he was qualified for the position in question and how he was treated differently from similarly situated individuals his protected class.

  As to his claim for retaliation, however, Johnson does not provide any information about any protected activity in which he supposedly engaged in and was retaliated against by WSU as a result of     having engaged in.

  While it does appear that Johnson is not a completely inexperienced litigant,[3] the better course is to allow Johnson to file an amended complaint which contains specific factual information as to the basis for his claims of race discrimination and retaliation, including a description of every action by WSU that he says is discriminatory or

---

[3]According to WSU, Johnson has filed other charges against WSU.  Johnson filed a Complaint of Discrimination with the United States Labor, Office of Federal Contract Compliance Programs in which he alleged that WSU failed to hire him and thereby violated the Uniformed Services Employment and Reemployment Rights Act (USERRA) (38 U.S.C.A. § 4301, et seq.).  Johnson also filed a complaint against WSU in the Wayne County Circuit Court asserting claims under USERRA.  WSU says the complaint was dismissed on June 6, 2006.

  WSU also says that Johnson filed a lawsuit against the Air Force in which he alleged that the Air Force's failure to hire him constituted a violation of USERRA.  The Merit Systems Protection Board dismissed this complaint and on appeal the Federal Circuit affirmed on the grounds that Johnson failed to allege the facts necessary to support his legal conclusions.

retaliatory. The amended complaint may also assert a claim for gender discrimination, should Johnson so choose.

### 2. Lack of Subject Matter Jurisdiction

WSU also argues that Johnson's claim under the ADEA must be dismissed because this Court lacks subject matter jurisdiction. WSU argues that because it is a state university, it is immune in this Court for claims asserted under the ADEA pursuant to the Eleventh Amendment of the United States Constitution.

WSU's position is well-taken. Under Michigan law, a state university is an "arm of the state" entitled to Eleventh Amendment immunity. <u>Estate v. Ritter v. University of Michigan</u>, 851 F.2d 846, 849 (6th Cir. 2000). The Sixth Circuit has ruled that a state university is entitled to Eleventh Amendment immunity from suit in federal court with regard to claims under the ADEA. <u>Kovacevich v. Kent State University</u>, 224 F. 3d 806 (6th Cir. 2000). As such, this claim is DISMISSED.

### IV. Conclusion

WSU's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which the relief can be granted is GRANTED IN PART and DENIED IN PART. Johnson shall file and amended complaint within ten (10) days. Johnson's claim under the ADEA is DISMISSED.

SO ORDERED.

Dated: November 27, 2006     s/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

**06-13636 Johnson v. Wayne State University**

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the parties of record and Charles Johnson,1410 Washington Blvd, Apt. 905, Detroit, MI 48226 on this date, November 27, 2006, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160